RICE et al. v. UNITED STATES.

(Circuit Court, E. D. Missouri. April 12, 1892.)

No. 3,539.

1. CUSTOMS DUTIES—APPORTIONMENT OF COST OF COVERINGS.

Section 19 of the customs administrative act of June 10, 1890 (26 Stat. 139, c. 407 [U. S. Comp. St. 1901, p. 1924]), in requiring, as to imported merchandise subject to a duty regulated by its value, the inclusion in such value of the cost of the coverings, provides no method for apportioning the cost of the coverings when they contain merchandise of different kinds. *Held*, that such method of apportionment must be adopted as seems most equitable and just, and that, with regard to hosiery in lots of different values, contained in the same outside cases, where each dozen of the hosiery occupied about the same space, the cost of the cases should be distributed among the different lots according to the number of dozens of the hosiery, and not according to value.

Appeal by the importers from a decision of the board of United States general appraisers (G. A. 525) which affirmed a decision of the surveyor of customs at the port of St. Louis.

Rowell & Ferriss, for appellants.

George D. Reynolds, U. S. Atty.

THAYER, District Judge (orally). This controversy concerns the duty upon a lot of hosiery imported by Rice, Stix & Co. They imported 11 cases of hose and half hose, containing in the aggregate 1,798½ dozen. The controversy arises over the duty on 152½ dozen of hose of this importation. The government claims that the 152½ dozen were worth $2.01 per dozen, and that the duty on them, under paragraph 353 of Schedule I of the Tariff Act of October 1, 1890 (26 Stat. 592, c. 1244), is 75 cents per dozen, and, in addition, 40 per cent. ad valorem. The importers, on the other hand, claim that the value of the hose is $1.99 per dozen, and that the duty, under the same section of the tariff act, is 50 cents per dozen and 30 per cent. ad valorem. The difference in the duty on the 152½ dozen is $68.62, according as the one or the other view of the law prevails; and the difference in the estimates of value in this case arises from the manner in which the cost of the outside casing of the packages is distributed or prorated among the 1,798½ dozen of hose constituting the importation. The nineteenth section of the customs administrative act of June 10, 1890 (26 Stat. 139, c. 407 [U. S. Comp. St. 1901, p. 1924]), provides that, when an ad valorem duty is imposed on an article, the cost of the carton or casing shall be included in determining the value. In this case the customs officers prorated the cost of the exterior casing among the several lots of hosiery according to the value of the respective lots, as there were three kinds of hose of different value. On the other hand, the importers prorate it among the three classes of hose at so much per dozen, without reference to their value. The customs law does not contain any provision concerning the method of apportioning the cost of the outside covering in a case of this character. Therefore the court must adopt such method as seems most equitable and just. Inasmuch as the articles contained in the 11

packages were all of the same general kind (that is, hose), and as each dozen hose occupied about the same space, the court is of opinion that in this instance the importers' theory should be adopted. That is to say, each dozen of the different kinds of hose should pay the same proportion of the cost of the outside casing. Cases may arise, however, where it would be more just to apportion or prorate the cost of the outside casing, when the package contains different articles of different value, among the different articles in proportion to their value. But this is a case where justice requires that the apportionment should be made equally, at so much per dozen.

Judgment will be entered against the government for $68.62.